# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL CENTRO REGIONAL MEDICAL CENTER, <br><br> and <br><br> JEFFERSON LAROT SANTOS, <br><br>          Plaintiffs, <br><br>          v. <br><br> ANTONY BLINKEN, U.S. Secretary of State, <br><br>          Defendant. | Case No. 3:21-cv-00361-DMS-BDD <br><br> **ORDER GRANTING MOTION TO DISMISS COMPLAINT** |

Pending before the Court is Defendant Antony Blinken's Motion to Dismiss Plaintiffs El Centro Regional Medical Center ("ECRMC") and Jefferson Larot Santos' Complaint. Plaintiffs filed an opposition to the Motion, and Defendant filed a reply. For the reasons discussed below, the Motion to Dismiss is granted.

/ / /

/ / /

/ / /

# I.
# BACKGROUND

### A. Procedural History

On March 2, 2021, Plaintiffs filed a Complaint for Mandamus Pursuant to the Mandamus Act, 28 U.S.C. § 1361, and for Declaratory and Injunctive Relief Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*. (ECF No. 1.) The Complaint requests that the Court order Defendant to adjudicate Plaintiff Santos' application for an immigrant visa within ten days. (*Id.*) On May 14, 2021, the government filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 8.) Plaintiffs filed a response in opposition to the motion on May 28, 2021. (ECF No. 10.) The government filed a reply on June 4, 2021. (ECF No. 11.)

### B. Factual Allegations

Plaintiffs' Complaint alleges as follows: Plaintiff Santos is a citizen of the Republic of the Philippines. (Compl. ¶ 2.) Santos is also licensed as a Registered Nurse by the State of California. (*Id.* ¶ 3.) ECRMC is a hospital located in El Centro, California. (*Id.* ¶ 4.) ECRMC has offered employment to Santos, pending the issuance of an appropriate immigrant visa. (*Id.* ¶ 17.) On December 19, 2019, ECRMC filed an Immigrant Petition for Alien Worker ("Form I-140 Petition") with Plaintiff Santos identified as the beneficiary pursuant to the Immigration and Nationality Act § 203(b)(3)(A)(i). (*Id.* ¶¶ 6, 21; *see also* ECF No. 1-2, Ex. A.) United States Citizenship and Immigration Services ("USCIS") approved ECRMC's Form I-140 Petition on December 27, 2019. (Compl. ¶¶ 7, 22; *see also* ECF No. 1-2, Ex. A.) The approval notice informed Plaintiffs that the Petition would be sent to the Department of State National Visa Center ("NVC") for further processing. (Compl. ¶ 22; *see also* ECF No. 1-2, Ex. A.) On February 4, 2020, the NVC sent Plaintiffs' Counsel a notice assigning

Plaintiff Santos an NVC Case Number and requesting processing fees and various documents from Santos. (Compl. ¶ 23; *see also* ECF No. 1-2, Ex. C.) Plaintiff Santos paid the requisite fees to the NVC on February 6, 2020 and submitted the required documents later that month. (Compl. ¶¶ 24–25.) On August 4, 2020, Plaintiff Santos was interviewed at the United States Embassy in Manila about his professional qualifications, past travel to the United States, and anticipated entry to the country. (Compl. ¶¶ 8, 29.) Santos' application was then placed in administrative processing. (*Id.* ¶ 8; *see also* ECF No. 1-2, Ex. B.) Plaintiff Santos contacted the U.S. Embassy numerous times following his interview to inquire about the status of his application. (Compl. ¶ 32.) Plaintiff Santos' visa application currently remains pending. (Compl. ¶ 17.)

The government introduced a declaration by State Department Attorney Adviser Rachel Peterson. (ECF No. 8-1, Declaration of Rachel Ann Peterson ["Peterson Decl."].) The declaration explains that in March 2020, the Office of Management and Budget ("OMB") directed the Department of State to minimize in-person interactions in light of the developing COVID-19 pandemic. (*Id.* ¶ 4.) In response to this directive, the State Department suspended all routine visa services, such as immigrant and nonimmigrant visa interviews and the scheduling of such interviews, at consular posts worldwide as of March 20, 2020. (*Id.*)

## II.
## LEGAL STANDARD

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint based on a court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992) (quoting *Stock W., Inc. v. Confederated*

*Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006) (citation omitted).

Rule 12(b)(1) motions can challenge a court's subject matter jurisdiction on either facial or factual grounds. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* at 1039. A Rule 12(b)(1) motion challenging a court's subject matter jurisdiction on factual grounds may "rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989), *cert. denied*, 493 U.S. 993 (1989); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, ... the court may inquire, by affidavits or otherwise, into the facts as they exist.").

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss under Rule 12(b)(6), all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Typically, if a party submits evidence from outside the pleadings in support of a motion to dismiss under Rule 12(b)(6), and a court relies on that evidence, the motion must be converted into a motion for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Lee*, 250 F.3d at 689.

## III.
## DISCUSSION

**A. Mandamus**

Plaintiffs' first claim arises under the Mandamus Act, 28 U.S.C. § 1361. The Mandamus Act provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* The Ninth Circuit has stated:

> "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."

*Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)). In addition to providing the substantive requirements for mandamus relief, these requirements also provide the test for jurisdiction under the
5

Mandamus Act. *See Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981) ("The test for jurisdiction is whether mandamus would be an appropriate means of relief.") (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)); *see also* 15A James Wm. Moore et al., Moore's Federal Practice § 105.42 ("Section 1361 is clearly a jurisdictional statute. Mandamus is an original process, jurisdictional in itself.").

      Defendant argues Plaintiffs cannot meet the requirements for jurisdiction under the Mandamus Act. A claim is "clear and certain" if the plaintiff has a legal entitlement to the relief sought. *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003). The government asserts that Plaintiffs' claim is neither clear nor certain because Plaintiffs have no right to the adjudication of the Form I-140 Petition under a congressionally specified, nondiscretionary timeline. But even if there is no specific time limit for adjudicating these types of applications, this does not mean the government can withhold a decision in perpetuity. Federal regulations require the Department of State to either issue or refuse a visa once an application has been properly completed. 22 C.F.R. § 42.81(a). Furthermore, under the APA, the government must act on visa applications "within a reasonable time." 5 U.S.C. § 555(b). "Where the agency in charge of the adjudication fails to render a decision within a reasonable period of time, as required by [5. U.S.C.] § 555(b), the Court has the power to grant a writ of mandamus compelling an adjudication." *Am. Academy of Religion v. Chertoff*, 463 F. Supp. 2d 400, 420 (S.D.N.Y. 2006) (citing *Raduga USA Corp. v. Dep't of State*, 440 F. Supp. 2d 1140, 1149 (S.D. Cal. 2005)); *see also Patel*, 134 F.3d at 931–32 (holding that while a consular official's decision to grant or deny a visa petition is itself discretionary and therefore not subject to judicial review, the district court had jurisdiction over a mandamus action compelling the United States Consulate to make a decision on a visa application that had been pending for eight years).

Thus, for jurisdiction to attach under the Mandamus Act, Plaintiffs must demonstrate that their entitlement to an immediate adjudication is "clear and certain." To do so, Plaintiffs must demonstrate that the government's delay has become so unreasonable that they are entitled to a decision on the application at the present time. However, Plaintiffs cannot do so in light of the facts Defendant has introduced to demonstrate the reasonableness of the delay in this case. Approximately three months after ECRMC filed its Form I-140 Petition, the worldwide COVID-19 pandemic prompted OMB to issue a directive requiring the State Department to minimize face-to-face interactions to slow transmission of the virus. (Peterson Decl. ¶ 4.) In response to that directive, the State Department suspended all routine visa services at consular posts worldwide to ensure the safe provision of mission critical and emergency services. (*Id.*) The Court finds that the delay in this case is reasonable considering the operational limitations the government imposed in response to the COVID-19 pandemic. Plaintiffs' claim for immediate adjudication therefore lacks the clarity and certainty required to confer subject matter jurisdiction under the Mandamus Act.

**B. Administrative Procedure Act**

Plaintiffs' second claim arises under the APA, 5 U.S.C. § 701, *et seq*. As previously noted, the APA requires agencies to conclude matters "within a reasonable time." 5 U.S.C. § 555. The statute further provides: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *Id.* § 702. The statute further provides that reviewing courts have the power to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1).

Defendant challenges the Court's jurisdiction over Plaintiffs' APA claim. Indeed, "[i]t is beyond question ... that the APA does not provide an independent basis for subject matter jurisdiction in the district courts." *Tucson Airport Auth. v. Gen.*

*Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998); *see also Califano v. Sanders*, 430 U.S. 99, 107 (1977).  However, 28 U.S.C. § 1331 confers federal subject matter jurisdiction to "all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiffs' claim arises under the APA, a federal statute. Accordingly, the Court has jurisdiction over Plaintiffs' APA claim.  *Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988) ("[I]t is common ground that if review is proper under the APA, [there is] jurisdiction under 28 U.S.C. § 1331."); *Allen v. Milas*, 896 F.3d 1094, 1099 (9th Cir. 2018) (holding that "§ 1331 supplie[d] ample basis for [] subject matter jurisdiction" in a case challenging a consular officer's decision under the APA).

The central question in this case is whether the State Department's delay in adjudicating the Form I-140 Petition at issue here is unreasonable.  "The analyses for relief under mandamus and under the APA are virtually the same."  *Wenqing Wang v. Chertoff*, ACV 07–01260–CJC(ANx), 2008 WL 11342756, at *3 (C.D. Cal. Mar. 12, 2008).  However, in certain circumstances, a valid APA claim can exist where a mandamus claim fails.  *See Almandil v. Radel*, No. 15-cv-02166-BTM (BGS), 2016 WL 3878248, at *2 (S.D. Cal. July 18, 2016) ("Although the Court concludes that relief is unavailable under the Mandamus Act, [the plaintiff] may still bring an action against an agency under the Administrative Procedures Act").  When evaluating whether an agency's delay is reasonable under the APA, courts are instructed to apply the so-called *TRAC* factors:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason[;]'
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[;]
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake[;]

8

> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;]
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay[;] and
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (quoting *Telecommunications Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984)). The Court will address each factor in turn.

First, the delay in this case is generally reasonable considering the current global pandemic.[1]  Second, Plaintiffs argue the delay in this case is unreasonable because 8 U.S.C. §1571(b) establishes a 180-day timeline for the adjudication at issue in this case. However, the plain text of § 1571 indicates that it applies to the processing of immigrant benefit applications by USCIS, not consular officials at the State Department.[2]  It therefore lacks bearing on the present controversy. Furthermore, even if § 1571 applied to this case, it is "non-binding legislative dicta." *Mohsenzadeh v.*

---

[1] Federal Rule of Evidence 201(b) provides that "[a] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court takes judicial notice of the existence of the COVID-19 pandemic pursuant to Fed. R. Evid. 201(b)(1). The Court takes further notice of the various publicly available OMB and State Department policies restricting operational capacity and suspending routine visa services in response to COVID-19 pursuant to Fed. R. Evid. 201(b)(2). (*See* ECF No. 8 at 3–4.)

[2] The statute indicates that "[t]he purposes of this subchapter are to provide *the Immigration and Naturalization Service* with the mechanisms it needs to eliminate the current backlog in the processing of immigration benefit applications." 8 U.S.C. §1571(a) (emphasis added). In 2003, the Immigration and Naturalization Service was abolished, and its authority was transferred to USCIS, among other agencies. *See* 6 U.S.C. §§ 271, 275, 291. Accordingly, the Court construes 8 U.S.C. § 1571 as applying to USCIS.

*Kelly*, 276 F. Supp. 3d 1007 (S.D. Cal. 2017*)*; *Yang v. Cal. Dep't of Social Servs.*, 183 F.3d 953, 959–62 (9th Cir. 1999). Third, Plaintiffs contend that the "human health and welfare are at stake" in this case because Plaintiff Santos seeks entry to the United States to work as a nurse at ECRMC. But the policies Defendant asserts to justify the delay also implicate human health and welfare because they were designed to slow the transmission of COVID-19. Fourth, allowing Plaintiff Santos to skip to the front of the line would simply move everyone else awaiting adjudication farther back in the queue. To do so would be unfair. Fifth, the Court recognizes that Plaintiffs seek to provide medical services in an area of great need. This factor alone cannot overcome the weight of the preceding factors. Finally, the Court need not address the propriety of the State Department's actions here. In light of these factors, the Court determines that the delay of adjudication in this case is reasonable. Accordingly, Plaintiffs have failed to state a claim under the APA.

## IV.
## CONCLUSION

For these reasons, the Court dismisses Plaintiffs' Complaint without prejudice.

**IT IS SO ORDERED.**

Dated: July 23, 2021

Hon. Dana M. Sabraw
United States Chief District Judge